**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3833-15T3

RAQUEL CALVO,

    Plaintiff-Appellant,

v.

WEST NEW YORK PLANNING BOARD
and YOVANY GRANA,

    Defendants-Respondents.

Argued May 17, 2017 – Decided June 19, 2017

Before Judges Fuentes, Simonelli and Carroll.

On appeal from the Superior Court of New
Jersey, Law Division, Hudson County, Docket
No. L-003317-15.

Brian M. Chewcaskie argued the cause for
appellant (Gittleman, Muhlstock & Chewcaskie,
LLP, attorneys; Mr. Chewcaskie, of counsel and
on the briefs).

Robert A. Ferraro argued the cause for
respondent West New York Planning Board (Bruno
& Ferraro, attorneys; John W. Ferraro, on the
brief).

Adolfo L. Lopez argued the cause for
respondent Yovany Grana (Ledesma, Diaz, Lopez
& Noris, P.C., attorneys; Mr. Lopez, on the
brief).

PER CURIAM

Plaintiff Raquel Calvo brought this prerogative writ action challenging the decision of defendant West New York Planning Board (Board) that approved defendant Yovany Grana's application for a daycare center and one residential unit at 610 61st Street in West New York (the property). In its March 24, 2016 order, the trial court remanded the matter to the Board to conduct a new hearing on notice to residents within 200 feet of an adjacent church parking lot (the church property) that was an integral part of the application. However, the court rejected plaintiff's jurisdictional and other challenges to the Board's approval, which determinations plaintiff now appeals. We affirm, substantially for the reasons set forth by Judge Daniel D'Alessandro in his thorough written opinion.

The parties are fully familiar with the procedural history and facts of this case and, therefore, a brief summary will suffice. The property is located in West New York's R-M Medium Density Residential District. One and two family dwellings are permitted uses in the R-M District, while daycare centers are permitted as a conditional use.

On August 27, 2014, Grana applied to the Board seeking conditional use approval for a daycare center, along with one residential unit on the property. Grana proposed to convert the ground floor and first floor of the existing two family home into

2                                               A-3833-15T3

a daycare center, with the second floor to remain a residential unit. The application called for the conversion of the existing garage into the entrance and office for the daycare center, and installation of a staircase in the rear of the property to provide a secondary means of egress. The property borders a church parking lot, and Grana entered into a five-year lease with the church to use the parking lot as a "staging" area where children attending the daycare center could be dropped off and picked up at the beginning and end of the day.

The Board conducted a public hearing on the application on April 13, 2015, at which Grana and her architect/planner testified. At the conclusion of the hearing, the Board voted unanimously to approve the application. The Board adopted a memorializing resolution on June 8, 2015, in which it found that the daycare center was an inherently beneficial use and its approval was not detrimental to the health, safety and welfare of the residents or to the zone plan or master plan. The Board noted that many of the parents who use the daycare center, and its employees, will either walk or take mass transit there. Consequently, the Board determined that "the application will not create traffic congestion in the area and will not interfere with [the] surrounding neighborhood." The Board's approval was subject to Grana's continued ability to use the church property as a drop off

and pick up area, with Grana to provide access to the church property through a gate in the wall that separates the two properties.

Plaintiff operates a nearby daycare center. On August 5, 2015, she filed a seven-count complaint alleging that the Board's decision was arbitrary, capricious and unreasonable; the Board lacked jurisdiction to hear the application; the Board lacked jurisdiction as a use variance was required; Grana failed to present the proofs necessary to support the required variance relief; the church property should have been included as part of the development and application; Grana's public notice did not reference the church property or include properties within 200 feet of the church property; and all plans reviewed and relied on by the Board were not submitted ten days prior to the hearing.

Judge D'Alesandro reviewed the record before the Board and the written submissions of the parties, and heard the oral argument of counsel. The judge issued a comprehensive twenty-four-page written decision on March 21, 2016, in which he agreed with plaintiff's argument that the church property was "an integral part of the [a]pplication" and public notice therefore should have been given to property owners within 200 feet of both Grana's property and the church property. See N.J.S.A. 40:55D-12(b). Accordingly, the judge remanded the matter to the Board to conduct

a new hearing following notice to property owners within the expanded radius. In all other respects, the judge rejected plaintiff's challenge to the June 8, 2015 resolution. The judge entered a memorializing order three days later.

In this appeal, plaintiff renews her arguments that: the Board's action was arbitrary, capricious and unreasonable; the Board lacked jurisdiction to grant the conditional use application; the Board's approval must be reversed because Grana failed to submit the lease ten days before the public hearing; and Grana's proofs did not support any variance relief.

The applicable standard of review is well-established. "Judicial review of the decision of a Planning Board or Board of Adjustment ordinarily is limited. A board's decision 'is presumptively valid, and is reversible only if arbitrary, capricious, and unreasonable.'" New Brunswick Cellular Tel. Co. v. Borough of S. Plainfield Bd. of Adjustment, 160 N.J. 1, 14 (1999) (quoting Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998)). The party challenging a municipal board's decision bears the burden of overcoming the presumption of validity and demonstrating the unreasonableness of the board's action. Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington, 194 N.J. 223, 256 (2008). The reason for this standard is that

> public bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion. The proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record.
>
> [Jock v. Zoning Bd. of Adjustment of Wall, 184 N.J. 562, 597 (2005) (citations omitted).]

On appeal, we review the Board's action using the same standard as the trial court. Fallone Props., L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 562 (App. Div. 2004). The deferential standard of judicial review, however, does not apply to purely legal questions affecting a municipal board's decision. The court must determine for itself whether the law has been applied correctly. See Wyzykowski v. Rizas, 132 N.J. 509, 518 (1993); Urban v. Planning Bd. of Manasquan, 238 N.J. Super. 105, 111 (App. Div.), certif. granted, 121 N.J. 664 (1990), and modified, 124 N.J. 651 (1991).

Our Supreme Court recently clarified the distinction between a use variance, a conditional use, and a conditional use variance, as follows:

> An application for a use variance, also referred to as a (d)(1) variance, N.J.S.A. 40:55D-70(d)(1), seeks permission from a zoning board to put property to a use that is otherwise prohibited by the zoning ordinance. Both the positive and negative criteria in such an application are tested in accordance

6

with the standards first established in <u>Medici</u> [v. BPR Co.</u>, 107 <u>N.J.</u> 1 (1987)]. In contrast, a conditional use, by definition, is a use that the zoning ordinance permits if the applicant meets all of the conditions that are embodied in the ordinance. <u>See</u> <u>N.J.S.A.</u> 40:55D-70(d)(3). In that case, the use becomes a permitted use in the sense that no variance is required.

However, if a property owner seeking to devote the property to a conditional use cannot meet one or more of the conditions imposed by the zoning ordinance, the property owner must apply for a (d)(3) conditional use variance. The inability to comply with one or more of the conditions does not convert the use into a prohibited one and, thus, the application is not tested in accordance with the standards established in <u>Medici</u> that govern applications for a (d)(1) use variance.

Instead, the question is whether, in light of the failure to meet one of the conditions fixed by the zoning ordinance, the use "is reconcilable with the municipality's legislative determination that the condition should be imposed on all conditional uses in that zoning district." <u>Coventry Square [Inc. v. Westwood Zoning Bd. of Adjustment</u>, 138 <u>N.J.</u> 285, 299 (1994)]. In undertaking that analysis, the weighing is entirely different from that demanded for a (d)(1) use variance because the governing body has not declared that the use is prohibited but, instead, has elected to permit the use in accordance with certain expressed conditions. Accordingly, the focus of the analysis is on the effect of non-compliance with one of the conditions as it relates to the overall zone plan.

[<u>TSI E. Brunswick, LLC v. Zoning Bd. of Adjustment of Twp. of E. Brunswick</u>, 215 <u>N.J.</u> 26, 42-43 (2013).]

In his written opinion, Judge D'Alessandro squarely addressed the issues raised by plaintiff in light of the applicable legal principles. Here, the proposed daycare center is a permitted conditional use in the R-M District. In resolving the jurisdictional issue, the judge noted that a conditional use is defined as:

> a use permitted in a particular zoning district only upon a showing that such use in a specified location will comply with the conditions and standards for the location or operation of such use as contained in the zoning ordinance, and upon the issuance of an authorization therefor <u>by the planning board</u>.
>
> [<u>N.J.S.A.</u> 40:55D-3 (emphasis added).]

The judge also aptly cited <u>West New York Ordinance</u> § 414-64.A, which provides:

> <u>The Planning Board</u> shall have the power to grant conditional uses on a case-by-case basis after making findings that each such conditional use, although not permitted by right, would be appropriate or inappropriate in the requested location.
>
> [(Emphasis added).]

Contrary to plaintiff's argument, the Town ordinance provides the standards by which the Board must review a conditional use. Specifically, <u>Ordinance</u> § 414.64.B requires that the Board "consider the compatibility of land uses, the impact of the conditional use on the physical, social and aesthetic environment,

traffic generation, and compatibility with the Town's Master Plan and any other relevant factors." In the present case, the Board considered these standards, and determined they were met.

The judge found the application satisfied the Town's parking requirements and that no variances were necessary for either the daycare or residential uses of the property. Further, the judge concluded the Board's decision was supported by adequate evidence. Having reviewed the record, we are satisfied we need not add to Judge D'Alessandro's thoughtful analysis of the issues presented. Thus, we affirm substantially for the reasons set forth in the judge's opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION